FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 NOV -7  PM 4: 38

CLERK_____
SO. DIST OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONY SPENCER,                      )
                                     )
         Plaintiff,                  )
                                     )
v.                                   )        Case No. CV406-093
                                     )
ST. JOSEPH'S/CANDLER HEALTH          )
SYSTEM, INC.,                        )
                                     )
         Defendant.                  )

## REPORT AND RECOMMENDATION

Defendant has filed a motion for partial dismissal pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief can be granted, or in the alternative, a motion for partial summary

judgment pursuant to Federal Rule of Civil Procedure 56(b).    Doc. 8.

Plaintiff filed an out of time response to the motion.[1]  Doc. 20.  He also filed

a document entitled "Notice," to which he attached exhibits.  Doc. 13.  The

Court will construe this filing as an additional response to defendant's

---

[1]Plaintiff's filing is titled, "Response to defendants [sic] motion for partial
dismissal or partial summary judgement [sic] and file after 9/28/06 as request." Doc. 20.
The Court deems this a request for permission to file an out-of-time response; the
request is GRANTED.

motion.  Doc. 13.  Defendant filed a reply to plaintiff's response.  Doc. 14.
For the reasons that follow, defendant's motion for partial dismissal should
be GRANTED in part and DENIED in part.

## I.   BACKGROUND

According to the complaint, plaintiff, who is a black male, was
employed by the defendant hospital as a utility washer.  Doc. 1.  Plaintiff
alleges that he was "reprimanded," "disciplined," and ultimately
terminated for engaging in "social conversations with white female
employees."  Id.  Plaintiff also alleges that defendant "retaliated against
plaintiff," although he does not describe the protected conduct in which he
was engaged or how defendant allegedly retaliated against him.  Id.  He
claims that defendant violated his "right to associational activity" under the
First Amendment.  Id.  Plaintiff filed a charge with the EEOC on January
9, 2006.  Doc. 9, Ex. A.[2]  The EEOC mailed a right-to-sue notice to plaintiff

---

[2]While "[a] court is generally limited to reviewing what is within the four corners
of the complaint on a motion to dismiss[,] . . . [the Eleventh Circuit] has held 'where the
plaintiff refers to certain documents in the complaint and those documents are central
to the plaintiff's claim, then the Court may consider the documents part of the pleading
for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents
to the motion to dismiss will not require conversion of the motion into a motion for
summary judgment.'" Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir.
2006) (citing Brooks v. Blue Cross & Blue Shield, Inc., 116 F.3d 1364, 1369 (11th Cir.
1997)).

on January 10, 2006.  Doc. 1, Ex. A.  Plaintiff filed the instant action on April 7, 2006.  Doc. 1.

## II.   LEGAL STANDARD

Because the Court does not consider matters outside the pleadings, it elects to treat defendant's motion as a motion for partial dismissal for failure to state a claim.  When considering a Rule 12(b)(6) motion, the court must examine the complaint in the light most favorable to the nonmoving party, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in plaintiff's favor.  White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999); Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997), rev'd on other grounds, 526 U.S. 629 (1999).  A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."  South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996).  Pleadings by *pro se*

litigants like plaintiff, however, are generally held to less stringent standards than formal pleadings drafted by a trained attorney and are construed more liberally in resolving a motion to dismiss. <u>Sanders v. U.S.</u>, 113 F.3d 184, 187 (11th Cir. 1997); <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990).

## III.  ANALYSIS

Plaintiff alleges in his complaint that defendant violated his First Amendment "right to associational activity."  Doc. 1.  Plaintiff does not state under what statute he attempts to bring the claim for the alleged violation of his First Amendment rights.  He mentions in his complaint Title VII and 42 U.S.C. § 1981, but neither of those statutes provides a cause of action for violations of First Amendment rights.  Title VII forbids employment discrimination based on "race, color, religion, sex, or national origin,"  42 U.S.C. § 2000e-2(a); <u>Burlington Northern & Santa Fe Ry. Co. v. White</u>, 126 S. Ct. 2405, 2408 (2006), while § 1981 "is directed exclusively toward racial discrimination." <u>Tucker v. Talladega City Schs.</u>, 171 Fed. Appx. 289, 295 (11th Cir. 2006).  Thus, neither statute provides plaintiff

4

with a remedy for the alleged violation of his First Amendment right of association.

The only possible vehicle through which to bring such a claim is 42 U.S.C. § 1983. However, because plaintiff has not alleged that his First Amendment right or association was violated by a governmental entity or state actor, or by a private entity conspiring with a state actor, plaintiff fails to state a claim upon which relief can be granted. It is axiomatic that merely  private conduct, however wrongful or discriminatory, is not actionable under § 1983. <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1276-77 (11th Cir. 2003). Because the defendant hospital is a private entity, plaintiff cannot sue defendant under § 1983 for the alleged constitutional violation. Plaintiff's claim that defendant violated his "right to associational activity protected by the First Amendment" should be DISMISSED.

Plaintiff also claims that "defendant retaliated against [him] and terminated his employment under false pretenses." Doc. 1. Defendant asserts that because plaintiff did not include a claim for retaliation in his EEOC charge, he did not exhaust his administrative remedies and his

retaliation claim therefore is barred. Doc. 8. Prior to filing a lawsuit for an alleged violation of Title VII, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Also, a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000).

But while "allegations of new *acts* of discrimination are inappropriate" in judicial claims, a retaliation claim is not "administratively barred by [a plaintiff's] failure to mark the retaliation space on the EEOC template form." Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279-1280 (11th Cir. 2004) (emphasis added).[3] The plaintiff in Gregory, like the plaintiff in the instant case, alleged in her EEOC charge that she

---

[3]The Court acknowledges that plaintiff has not provided extensive factual support in the complaint for the retaliation claim. It appears from the complaint that he is attempting to allege that he was terminated because of his race, and that the termination also constituted retaliation, perhaps for complaining that defendant was discriminating against him on the basis of race by disciplining him for conversing with co-workers who were white females. Doc. 1. In his response to defendant's motion for partial dismissal or partial summary judgment, it seems that plaintiff is attempting to allege further acts of retaliation. Doc. 20. He states that he believes that defendant may be "spreading rumors" that have resulted in his being denied employment or terminated from subsequent employment. Id. Because plaintiff has not included these alleged acts in his complaint, the Court need not decide whether a claim for retaliation based on these acts would be administratively barred.

had been terminated because of her race.[4]  Finding that "[i]t could also be, however, that [plaintiff] was terminated *in retaliation for* having complained about" the disparate treatment she had received while employed by defendant, the Eleventh Circuit held that the district court had not erred by finding that the plaintiff's retaliation claim was not administratively barred because the plaintiff had "stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about [was] retaliation because of her complaints of [discrimination]." Id. at 280.  In the instant case, plaintiff filed the EEOC charge after his termination.  Because his termination could reasonably have been due to his complaining about alleged discrimination, that is, his being "reprimanded" and "written up" for "conversing with co-workers who were white female[s]," plaintiff's retaliation claim is not administratively barred for failing to include an allegation of retaliation in his EEOC charge.

Moreover, plaintiff does not specify under what statute he is stating a claim for retaliation. Doc. 1. Defendant construes plaintiff's retaliation claim as brought under Title VII.  However, "[a] plaintiff may bring a § 1981 claim not only for racial discrimination, but also for retaliation due to

_____

[4]The plaintiff in Gregory also alleged that she was terminated on the basis of her sex.

7

his opposition to race discrimination." <u>Tucker</u>, 171 Fed. Appx. at 294. To the extent that plaintiff is relying on 42 U.S.C. § 1981, "a plaintiff is not required to exhaust his administrative remedies before filing a § 1981 action in federal court." <u>Price v. M & H Valve Co.</u>, 177 Fed. Appx. 1, 9 (11th Cir. 2006). Therefore, plaintiff's claim for retaliation is not subject to dismissal for failure to exhaust administrative remedies.[5]

## IV.   CONCLUSION

Based on the foregoing, defendant's motion for partial dismissal should be GRANTED in part and DENIED in part.  Plaintiff's claim for retaliation should be allowed to proceed at this time.  Plaintiff's First Amendment claim should be DISMISSED.

**SO REPORTED AND RECOMMENDED this $\underline{7^{th}}$ day of November, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

_____

[5]The Court expresses its skepticism regarding whether plaintiff has established a prima facie case for retaliation.  However, a Rule 12(b)(6) dismissal on the basis of failure to plead facts establishing a prima facie case is inappropriate in the employment discrimination context, <u>United States v. Baxter Intern., Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003) (citing <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 511 (2002)), and defendant has not asserted this issue as a basis for partial summary judgment.