ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 DEC -4 AM 9: 21

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONY SPENCER,

    Plaintiff,

v.                    406CV093

ST. JOSEPH'S/CANDLER
HEALTH SYSTEM, INC.,

    Defendant.

### ORDER

In this employment discrimination action brought under Title VII (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981, plaintiff Antony Spencer alleges that defendant St. Joseph's/Candler Health System, Inc. -- the hospital in which plaintiff worked as a utility washer -- "retaliated against [him] and terminated his employment under false pretenses." Doc. # 1 ¶ 7. Boiled down, he is black and insists that he was fired merely for speaking with white -- but not black -- female co-workers, so racial discrimination motivated the termination decision. *Id.* ¶¶ 7-10. Proceeding *pro se*, he filed a well-crafted, word processed Complaint that explicitly raised, under "Cause of Action," the following claims:

> Defendant violated Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended, by its employment practices which negatively affected Plaintiff's terms and conditions of employment due to his race, black.
>
> Defendant violated Plaintiff's right to associational activity protected by the First Amendment. *Wilson v. Taylor*, 733 F.2d 1539, 1544 (11th Cir. 1984).[1]
>
> Defendant violated Plaintiff's right guaranteed under 42 U.S.C. § 1981 which prohibits discrimination based upon an interracial association.

*Id.* ¶¶ 12-14 (footnote added).

Spencer thus did *not* raise a retaliation claim. In a Report and Recommendation (R&R) to this Court, however, the Magistrate Judge (MJ), upon consideration of the hospital's dismissal motion, advises dismissal of Spencer's "associational activity" claim but not his § 1981-based "retaliation claim" (*i.e.*, that the hospital fired him in retaliation for filing an EEOC charge). Doc. # 21 at 5-8.

Spencer never alleged that. Instead, he alleged only *on the job* retaliation (*i.e.*, in retaliation for talking to white women, the hospital fired him, *not* for filing an EEOC charge). *Pro se* plaintiffs are entitled to have their pleadings construed liberally, *Sanders v. U.S.*, 113 F.3d 184, 187 (11th Cir. 1997); *Whane v. State of Kan.*, 980 F.Supp. 387, 393 (D.Kan. 1997), but "once a *pro se* ... litigant is in court, he is subject to the relevant law and rules of court...." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] That case, which was later abrogated on other grounds, *Scala v. City of Winter Park*, 116 F.3d 1396, 1402 (11th Cir. 1997), held that a policeman fired for dating the daughter of a reputed organized crime figure had lost his job "for a reason infringing upon his constitutionally-protected freedom of association." *Wilson*, 733 F.2d at 1544. There the plaintiff complained of *governmental* action (a necessary predicate for a First-Amendment-based claim), while here Spencer complains of *non-governmental* action. See *Rossi v. Toyota Motor Mfg. Kentucky, Inc.*, 2006 WL 3390426 at * 9 E.D.Ky. 11/22/06) (unpublished).

Spencer could have invoked F.R.Civ.P. 15(a) to amend his Complaint and add a retaliation claim as framed by the MJ. But he did not.[2] Raising it for him, as the MJ just did, goes too far. In other words, "[c]ourts do and should show a lenience to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action...." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal cites omitted); *Lemons v. Lewis*, 969 F.Supp. 657, 659 (D.Kan. 1997) (*pro se* status does not absolve litigant of duty to comply with fundamental procedural rules; nor is it "the court's function to become an advocate for the *pro se* litigant").

Accordingly, the Court *ADOPTS* in part and *REJECTS* in part the R&R (doc. # 21), and *GRANTS* defendant St. Joseph's/Candler Health System, Inc.'s motion for partial dismissal. Doc. # 8. The Court therefore *DISMISSES WITH PREJUDICE* plaintiff Antony Spencer's First Amendment-bsed, "associational activity" claim from this case. The rest of his case (not yet challenged by the defendant) remains to be litigated.

This 1st day of December, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] In his response brief (doc. # 20) he adverts to "telephon[ing] the EEOC to report this retaliation," *id.* at 1, but he never says what he is talking about other than his "belief" that the hospital has been "making false or unproved statements like [a] year 2006 allegation of plaintiff rumor encouraged about self exposure." *Id.* at 1. Whatever that means, it does not even begin to articulate that the hospital, *while Spencer was employed by it*, retaliated against him for invoking his Title VII and/or § 1981 rights. Nor does Spencer's response brief filing even mention an intent to amend under Rule 15(a).