FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

207 FEB 26 PM 4:50

CLERK_____
SO. DIST OF GA.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | |
|---|---|
| ANTONY SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV406-093 |
| | ) |
| SAINT JOSEPH'S/CANDLER | ) |
| HEALTH SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion for summary judgment on plaintiff's claim of racial discrimination. Doc. 29. Plaintiff has filed a response opposing defendant's motion. Doc. 34. Defendant thereafter filed a reply to plaintiff's response. Doc. 42. For the following reasons, defendant's motion for summary judgment should be GRANTED and this case should be DISMISSED.

### I. Background

Plaintiff began his employment with defendant on March 30, 1999. Ex. 17. On December 18, 2002, plaintiff wrote a letter to an African-American female employee requesting a date and giving her his

telephone number. Ex. 6. On December 19, 2002, defendant disciplined plaintiff for his inappropriate actions.

On June 24, 2005, a Caucasian female employee complained to defendant that plaintiff had made an advance toward her, leading to an investigation by defendant. Affidavit of Deborah White, Attachment A. Defendant discovered that plaintiff had given the female employee a card and gold anklet for Christmas and a birthday card with a poem, and that he asked her to see a movie with him. Ex. 9. Defendant also learned that plaintiff had given a second Caucasian female employee a compact disc with a note asking if she had a sister or cousin who could see a movie with him, if she would be his friend, and giving her his telephone number. Ex. 8. Plaintiff had also given a married Caucasian female employee a note and two compact discs. Ex. 10. On June 29, 2005, defendant issued plaintiff a Disciplinary Action Report, suspended him for three (3) days without pay, and warned plaintiff that similar inappropriate behavior in the future would lead to his immediate termination. Ex. 11.

In November 2005, another Caucasian female employee complained to defendant that plaintiff had made inappropriate advances toward her.

Affidavit of Tammy Aveille, Attachment A. The female employee alleged that plaintiff asked her repeatedly to see a movie with him and made daily requests to have lunch with him. Id. Defendant terminated plaintiff's employment on December 1, 2005. Ex. 14.

On January 6, 2006, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Ex. 17. The charge was closed on January 10, 2006, and the EEOC issued a right-to-sue notice. Doc. 1, Ex. A.

Plaintiff filed the above complaint on April 7, 2006, in which he alleges race discrimination by defendant. Doc. 1. Plaintiff alleges that defendant told plaintiff that he could not associate or converse with white female employees and that his employment had been terminated because he was a black male who had socialized with white female employees. Id. Plaintiff also alleges retaliation[1] from December 2004 to June 2005 in the form of a freeze, where defendant stopped hiring new employees and pressured plaintiff to quit his job. Doc. 34. Plaintiff is

---

[1] In a prior order, doc. 25, this Court held that plaintiff had not stated a claim for retaliation. Plaintiff filed a Response to Order, doc. 28, in which he states an intention to amend his complaint to include a retaliation claim. For this reason, defendant addresses a potential retaliation claim in its brief. Plaintiff has not filed a motion to amend, however, and so there is no retaliation claim for the Court to address.

3

seeking a declaratory judgment, a permanent injunction restoring his job, and both compensatory and punitive damages. Doc. 1.

## II. Applicable Legal Principles

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing laws. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990)(citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the

4

burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.), cert. denied, 502 U.S. 925 (1991)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)).  A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## B.   Race Discrimination

Title VII makes it unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  A plaintiff alleging discrimination under Title VII must show that the employer intended to discriminate against him because of his membership in a particular protected group.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.").

The plaintiff has the initial burden of establishing a prima facie case of discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Denney v. City of Albany, 247 F.3d 1172, 1183 (11th Cir. 2001); Mora v. Univ. of Miami, 15 F. Supp. 2d 1324, 1333 (S.D. Fla. 1998). Where a plaintiff produces no direct or statistical evidence of discrimination, he must rely on circumstantial evidence from which an

inference of intentional discrimination may be drawn. <u>Armstrong v. Flowers Hosp., Inc.</u>, 33 F.3d 1308, 1313 (11th Cir. 1994). Where the plaintiff relies on circumstantial evidence, the court employs the burden-shifting framework set forth in <u>McDonnell Douglas</u>. Under a common formulation of the <u>McDonnell Douglas</u> framework, to establish a prima facie case of unlawful termination based on race the plaintiff must establish by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he was terminated from employment; (3) the employer treated similarly situated employees outside the protected class more favorably; and (4) he was qualified to do the job. <u>See</u> <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997); <u>see also</u> <u>Crapp v. City of Miami Beach</u>, 242 F.3d 1017, 1020 (11th Cir. 2001). In that respect,

> [e]vidence that similarly situated employees are disciplined more leniently is admissible to support a disparate treatment claim when the plaintiff has established that the co-employees are in fact similarly situated. Thus, the plaintiff must show that the comparator employees are "involved in or accused of the same or similar conduct" yet are disciplined in a different, more favorable manner.

Anderson v. WBMG-42, 253 F.3d 561, 564 (11th Cir. 2001) (citations omitted). Plaintiffs alleging disparate treatment must show comparator employees who were involved in or accused of the same or similar conduct, yet were disciplined in a different, more favorable manner. Id.

If the plaintiff succeeds in proving a prima facie case of discrimination, he has established a presumption of discrimination. Burdine, 450 U.S. at 253-54 ("The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for plaintiff's rejection."). The defendant then has the burden of producing a legitimate, nondiscriminatory reason for the challenged employment action. See id. at 254 (emphasizing that defendant's burden is one of production: "The defendant need not persuade the court that it was actually motivated by the proffered reasons"). If a legitimate, nondiscriminatory reason is articulated by the defendant, the plaintiff then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination. Id. at 256.

## III. Analysis

### A. Race Discrimination

To determine whether an employee is similarly situated to plaintiff, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield, 115 F.3d at 1562. The conduct of the comparator employees need not be the same or nearly identical. Anderson v. WBMG-42, 253 F.3d 561, 565 n.2 (11th Cir. 2001); Alexander v. Fulton County, 207 F.3d 1303, 1334 (11th Cir. 2000). "[P]recise equivalence in culpability" is not required; it is sufficient that the plaintiff allege that comparator employees were involved in acts of "comparable seriousness." McDonald v. Santa Fe Transp. Co., 427 U.S. 273, 283 n.11 (1976).

Plaintiff has failed to demonstrate that other similarly situated employees outside the protected class were treated more favorably despite being involved in comparable acts. Without citing any specific employees or instances, plaintiff argues that various white male employees engaged in conduct sufficiently similar to that of plaintiff, namely that they are social with white female employees, and he points out that they were not reprimanded for their actions. Doc. 34.

9

Plaintiff's employment was not terminated simply because he was seen socializing with white female employees, however, but rather because he had complaints of sexual harassment filed against him on three separate occasions and had been warned and suspended. Plaintiff fails to cite any similarly situated employee with a similar disciplinary history who was treated more favorably. Thus, the Court finds that plaintiff has failed to make a prima facie case for disparate treatment.

Even if plaintiff had established a prima facie case of discrimination, defendant has offered a legitimate, nondiscriminatory reason for plaintiff's discharge, and plaintiff has failed to show that this reason is ultimately pretext for intentional discrimination.

Summary judgment is appropriate if the employer has a good faith belief that the employee engaged in the conduct for which he was fired, regardless of whether the employee actually engaged in the misconduct. See EEOC v. Total System Services, Inc., 221 F.3d 1171 (citing Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999)("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."); Sempier v. Johnson & Higgins, 45 F.3d 724,

731 (3d Cir.1995)("Pretext is not demonstrated by showing simply that the employer was mistaken.")).

Plaintiff protests that his actions were purely meant to be friendly and platonic. Plaintiff also argues that his conduct was welcomed by the female employees. "When the resulting employer's investigation . . . produces contradictory accounts of significant historical events, the employer can lawfully make a choice between the conflicting versions—that is, to accept one as true and to reject one as fictitious—at least, as long as the choice is an honest choice." EEOC, 221 F.3d at 1176. Even if defendant is mistaken in its evaluation of the facts, plaintiff has failed to set forth any specific facts to show that the legitimate, nondiscriminatory reason proffered by defendant is unworthy of belief.

## IV. Conclusion

Based upon the foregoing, the Court recommends that defendant's motion for summary judgment be GRANTED and plaintiff's case be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 26TH day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA