UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONY SPENCER,

Plaintiff,

v.   406CV093

ST. JOSEPH'S/CANDLER
HEALTH SYSTEM, INC.,

Defendant.

# ORDER

## I. BACKGROUND

In this employment discrimination action brought under Title VII (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981, plaintiff Antony Spencer alleges that defendant St. Joseph's/Candler Health System, Inc. ("St. Jo's") -- the hospital in which plaintiff worked as a utility washer -- "retaliated against [him] and terminated his employment under false pretenses." Doc. # 1 ¶ 7. Boiled down, he is black and insists that he was fired merely for speaking with white -- but not black -- female co-workers, so racial discrimination motivated the termination decision. *Id.* ¶¶ 7-10.

Proceeding *pro se*, Spencer paid the filing fee (doc. # 1) but, having had his claims dismissed pursuant to defendant St. Jo's summary disposition motions, doc. ## 8, 25, 29, 47, 50, 51, appeals and now moves for leave to appeal *in forma pauperis* (IFP). Doc. ## 56, 57. That follows his motion to alter or amend the Court's judgment. Doc. # 52. The Court will address both motions here.

## II. ANALYSIS

### A. F.R.Civ.P. 59(e) Motion

In an earlier Order this Court noted that Spencer had not pleaded a retaliation *claim*, only that he had cited retaliation on the job (*i.e.*, in retaliation for talking to white women, the hospital fired him, *not* for filing an EEOC charge). Doc. # 25 at 1. Spencer filed a largely incomprehensible "Response" to that Order which, even if construed as an F.R.Civ.P. 15(a) Motion to Amend to raise a retaliation claim, would be denied as conclusory (he claims that St. Jo's retaliated against him after filing an EEOC claim, but he never pleads any specifics as to *how* it retaliated, see doc. # 28).

Subsequently, the Magistrate Judge recommended, and this Court agreed, that St. Jo's was entitled to summary judgment against Spencer because, *inter alia*, plaintiff could show no evidence that his employer treated similarly situated employees outside of his protected class more favorably:

> Plaintiff has failed to demonstrate that other similarly situated employees outside the protected class were treated more favorably despite being involved in comparable acts. Without citing any specific employees or instances, plaintiff argues that various white male employees engaged in conduct sufficiently similar to that of plaintiff, namely that they are social with white female employees, and he points out that they were not reprimanded for their actions. Doc. 34. Plaintiffs employment was not terminated simply because he was seen socializing with white female employees, however, but rather because he had complaints of sexual harassment filed against him on

three separate occasions and had been warned and suspended. Plaintiff fails to cite any similarly situated employee with a similar disciplinary history who was treated more favorably. Thus, the Court finds that plaintiff has failed to make a prima facie case for disparate treatment.

Doc. # 47 at 9-10; *adopted*, doc. # 50.

In his F.R.Civ.P. 59(e) motion, Spencer says:

Within ten days after March 20th 2007, plaintiff asks that Court correct a substantive error: Gift keeper Lindsey of Candler December 18th 2002 a M.R.I technician who made allegation isn't black. She is Caucasian.

I hope this motion isn't improper, but if so please forgive me . . .

I will indeed accept the judgment: District Court accepts all 3 accusers were white females, not one black female.

In inquiry, why was case CV-406-093 hearing dismissed?

A) Plaintiff failed to prosecute

B) Because plaintiff didn't fully name white males in Saint Joseph' s Cath lab [w]ho came on to Gift keeper Kelly Belyew

C) Because Morriss [sic], Manning, & Martin's Stay Motion toke [sic] out my Compel Discovery, Motion in Limine, etcetera [sic]

D) All of the above

E) A. Spencer can completely close if there is a response.

Doc. # 52. The Court is unable to fathom what all of that means. Suffice it to say that it does not conform to Rule 59(e)'s standards for granting a motion for reconsideration.[1] Spencer's Rule 59(e) motion (doc. # 52) therefore is denied.

### B. IFP Motion

Spencer is not an inmate so the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), which imposes special IFP standards for such litigants, *see, e.g.*, 28 U.S.C. § 1915(2), does not apply to him. Instead, he impliedly invokes F.R.App.P. 24(a)(1), which authorizes appeal IFP unless this Court denies it. That rule relies on the "good faith" standard, *see* Rule 24(a)(3)(A), which basically means that Spencer need not show that he will prevail on appeal, only "that a reasonable person could suppose that [his] appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). That can't be said here. In fact, Spencer's ramblings would make little sense to anyone, let alone convince them that his appeal has some merit. This motion, too, is denied.

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F.Supp.2d 1330, 1344 (N.D. Ga. 1999). However, a reconsideration motion "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." *Id.* (quotes, cite and alteration omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." *Burger King Corp. v. Hinton, Inc.*, 2002 WL 31059465 at * 1 (S.D.Fla. 7/19/02) (unpublished).

2

## III. CONCLUSION

Accordingly, the Court *DENIES* plaintiff Anthony Spencer's motions to amend judgment and for IFP on appeal, doc. ## 52, 56, 57.

This 4 day of June, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA