UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONY SPENCER,

Plaintiff,

v.                    406CV093

ST. JOSEPH'S/CANDLER HEALTH SYSTEM, INC.,

Defendant.

## ORDER

More than two years after this Court's dismissal of his complaint alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964, doc. # 51, plaintiff Antony Spencer filed a letter with the Court in which he alleged that counsel for the defendant (his former employer) had tampered with his deposition transcript. Doc. # 68. Spencer claimed that the attorneys changed his testimony in the transcript so that he stated that one of his accusers was black, when in fact she was white. *Id.* at 1. He urged that the attorneys made this change so that it would look like he was terminated for harassing women of his own race and not just white women.[1] *Id.*

On 8/4/09, this Court denied that request for relief without prejudice to Spencer's renewal of it in the event he could "supplement the accusation with specific details and provide evidentiary support." Doc. # 69.

Spencer has since filed additional materials with the Court, which the Court construes as a renewal of his request for relief. Doc. # 70. None of this additional "evidence," however, supports his accusation that defense counsel altered his deposition testimony.[2]

As a result, Spencer's request for relief is *DENIED*, and he is advised that any future unsupported motions or letters on this claim will likewise be denied. Doc. # 70.

---

[1] This is not Spencer's first time raising the claim that one of his white accusers was inaccurately described as black. Doc. ## 36 (raising the discrepancy in a response to the defendant's motion for summary judgment), 43 (asking the Court, via a motion in limine, to exclude the deposition transcript page stating that woman is black), 52 (moving the Court to alter the judgment of dismissal based on this claim). In response, the Court has repeatedly emphasized that the race of the accusers did not affect the judgment in the case, *see* doc. ## 47 at 9-10; 59 at 1, and, at one point, the defendant even filed a response stating that it "did not object to clarifying that a particular woman was Caucasian because neither the Report and Recommendation nor the Court's Order were based on the race of a complaining employee," doc. # 55 at 3. Nonetheless, Spencer continues to beat this dead horse by filing letters to the Court concerning the issue, and the Court must address these most recent letters since they contain very serious (*albeit* ultimately unfounded) ethical accusations against defense counsel by claiming they tampered with evidence.

[2] Most of the documents Spencer has filed are entirely irrelevant to the issue at hand, as they consist mostly of random pages from his deposition transcript, upon which he has penciled in his own commentary as well as challenges to the accuracy of immaterial words or phrases (for example, on one page, he states that the phrase "*leaving* me a sexual harasser" should have been transcribed as "*labeling* me a sexual harasser"). Doc. # 70 at 3-10. He has also included what appears to be a list of contact information for some of the individuals who were involved in his case, the application to proceed *in forma pauperis* he filed when he initiated this case, and documentation from the claim he filed with the Georgia Department of Labor (prior to bringing this suit). *Id.* at 11, 13, 15-16. None of these documents, however, relate to (much less support) his claim that defense counsel tampered with his deposition transcript.

Spencer is further reminded that F.R.Civ.P. 11(b) "forbids lying in pleadings, motions, and other papers filed with the court," and that "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Zocaras v. Castro*, 465 F.3d 479, 484, 490 (11th Cir. 2006).

This day of 9 October 2009.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA